Curia, per

Richardson, J.
This case was decided on the circuit, upon the authority of the case of the State vs. Edwards, (2 N. & M’Cord, p. 13.) In that case, the question offered and rejected was this; “have you, at anytime, heard the defendant acknowledge or admit that he had sent a challenge to the late Mr. O’Driscall, or accepted one from *130 him, or fought a duel with him V’ The witness, (who was imagined to have been, in some way, concerned in the duel,) objected, “because the answer,would tend to criminate himself;” and the objection was holden to be sufficient by the presiding Judge. Upon an appeal, all the Judges affirmed the decision. They say, “ it is not necessary that the privity of the witness should appear at once by the answer,” (fee. “ But it may have formed a link in a chain of testimony extracted from him, or obtained from other sources, which would have tended to criminate him.” The consequences of the answer to this first question, are followed out in this well considered adjudication; and the Judges come to the conclusion, that the witness ought not to be compelled to answer. In the case of the United States vs. Burr, Ch. Justice Marshall (Robertson’s Rep. of Burr’s Trial, 245,) says : “ The witness must judge,” (fee.; “ and if he say on oath that he cannot answer, without accusing himself, he cannot be compelled to answer.” The reasons for such decisions are intelligible. No man is compelled to criminate himself; and, by the same rule, he cannot be required to subject himself to a charge of pei'jury, by answering in the negative. The confession or negation would be compelled, by a species of duress, by authority, to inculpate himself, one way or the other. The law does, then, act wisely in leaving it to the witness himself, under his own consciousness, (with the instruction of the court, when necessary,) to decide whether his answer will tend or may be used to criminate himself; .and his decision is upon oath, and at the peril of perjury. It equally follows, that if he were obliged to give any guide or clue to his own guilt, his safety would be in danger, and the rule broken. Its practical protection of the witness depends, therefore, upon the first step. Thq case before us was very like that of the State vs. Edwards. Mr. Jones, the payee, was asked, “ whether the note had not been given for a gaming consideration'?” and he declined answering, because he might criminate himself. If he had won the amount of the note at gaming, unlawfully, which was very supposable, any affirmative answer must have led to the time and place, if not attending circumstances, the how and where *131 fore of his knowledge — all asked under the guise of his own assumed right of concealment, but leading to the exposure of his guilt; and the man would have been soon trapped, or, at least, exposed to a prosecution for gaming. The Judge, therefore, decided correctly, in permitting the witness to be silent, upon his own assurance that his answer would tend to criminate himself. The decision was within both the reason and letter of the adjudications first noticed, and the meaning of the rule, that no man shall be compelled to criminate himself; by which I understand he may not expose himself to the charge of a crime or misdemeanor by law, in contradistintion to dishonor, or liability to a civil action; and the protection must be full.
Young, for the motion. Irby, contra.
O’Neall, Butler, and Evans, JJ. concurred.
Earle and Wardlaw, JJ. dissented.